**ERIC CHRISTIAN, Plaintiff**

**v.**

**FRANK SCHLESINGER, Defendant**

Case No. S.C. 439/1976

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

May 31, 1977

THOMAS W. FINUCAN, ESQ. (BORNN & FINUCAN), St. Thomas, V.I., *for First Pennsylvania Bank, N.A.*

ERIC CHRISTIAN, St. Thomas, V.I., *pro se*

FRANK SCHLESINGER, St. Thomas, V. I., *pro se*

FEUERZEIG, *Judge*

### ORDER

Judgment was entered in the above small claims action on December 1, 1976, awarding to plaintiff the sum of $500.00 plus $7.00 costs. A writ of execution was issued on January 10, 1977, against the judgment debtor, Frank Schlesinger. On May 17, 1977, a motion was filed seeking "an Order for disbursement to First Pennsylvania Bank N.A. of the proceeds of judicial sale of a 1972 Maverick vehicle." This motion is denied for the reasons set forth herein.

Rule 5(a) of the Federal Rules of Civil Procedure requires that pleadings be served upon all parties. The bank's motion fails to comply with this requirement. Moreover, no motion to intervene pursuant to Rule 24 or any other pleading of similar effect has been filed let alone granted. Consequently, this Court knows of no basis procedurally by which the bank, which is not a party to this action, can be granted the relief it seeks.

Assuming these procedural defects are not dispositive of the bank's motion, the Court is compelled to deny the motion on the basis of its factual and legal inadequacies. The bank now has supplemented its motion with an unverified copy of a financing statement setting forth a security interest in a 1972 Maverick. The obligors on the chattel mortgage are Francis and Nedya Schlesinger.

The bank submitted a proposed order that would have this Court find that the plaintiff, Eric Christian, executed on a 1972 Maverick owned by defendant Schlesinger on

which the bank held a first priority lien. However, there is no allegation in the bank's motion or supplemental paper showing, (1) whether, and, if so, when the vehicle was attached; (2) assuming attachment, whether the vehicle attached is in fact the vehicle subject to the bank's lien (Serial #2X91L111164); (3) the date of creation of the bank's security interest; (4) whether a forced judicial sale has occurred, and, if so, when; (5) if there was a judicial sale, what was the sale's price; (6) who was the purchaser, and (7) who has custody of the collateral or any proceeds from the sale of said collateral. In addition, nothing in the court file provides an answer to any of these questions.

The bank's rights in this situation are set forth in Article 9, Secured Transactions, of the Uniform Commercial Code. Title 11A V.I.C. § 9—102(1)(a). The bank, as best as can be determined given the state of the pleadings on its behalf, apparently has retained a security interest in a 1972 Ford Maverick as collateral for an auto loan, which interest is enforceable if Mr. Schlesinger signed a security agreement. Title 11A V.I.C. § 9—203(1)(b). If the bank's security interest is unperfected, the plaintiff's interest has priority if he lacked knowledge of the bank's interest. Title 11A V.I.C. § 9—301(1)(b). The unverified copy of the financing statement filed with the Court is not sufficient on its face to perfect the bank's security interest because it is not signed by the debtor. Title 11A V.I.C. §§ 9—302(1), 9—402(1). The original financing statement of July 11, 1974, may or may not be signed by the debtor, but it is not before this Court at this time.

Clearly, the bank could seek satisfaction from a purchaser of secured collateral at a judicial sale where a financing statement had been filed prior to the purchase at the judicial sale. Title 11A V.I.C. §§ 9—306(2), 9—307(2). The bank's interest in the proceeds of such a

sale would be paramount to the plaintiff's if the financing statement specifically covered proceeds. 11A V.I.C. § 9—306(3)(a). The bank, however, cannot recover proceeds that are not identifiable. 11A V.I.C. § 9—306(2).

There is no doubt that a debtor's rights in collateral may be voluntarily or involuntarily transferred by any attachment, levy or other judicial process. 11A V.I.C. § 9—311. Although nothing in 11A V.I.C. § 9—311 makes any reference to the rights of creditors such as the bank, the comment to the section makes it clear that "in all security interests the debtor's interest in the collateral remains subject to claims of creditors who take appropriate action. It is left to the law of each state to determine the form of 'appropriate process.'" Comment 2 to 11A V.I.C. § 9—311.

For the foregoing procedural and substantive reasons the motion for an order directing the Marshal to pay to First Pennsylvania Bank the net proceeds of a judicial sale of a 1972 Maverick is denied.